BARBARA A. FITZGERALD, State Bar No. 151038
MORGAN, LEWIS & BOCKIUS, LLP
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071
Tel: 213.612.2500
Fax: 213.612.2501
bfitzgerald@morganlewis.com
Attorneys for Defendant
PENAUILLE SERVISAIR LLC (nka SERVISAIR,
LLC and fka GLOBEGROUND NORTH AMERICA,
LLC)

FILED
CLERK, U.S. DISTRICT COURT

FEB - 7 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN ROMANO, individually, and on behalf of other similarly situated current and former employees of Servisair LLC; Servisair & Shell Fuel Services, LLC; Servisair USA, Inc.; Globeground North America; Penauille Servisair, <br><br> Plaintiffs, <br><br> vs. <br><br> SERVISAIR, LLC, a Delaware corporation; SERVISAIR & SHELL FUEL SERVICES, LLC, a Delaware corporation; SERVISAIR USA, INC., a Delaware corporation; GLOBEGROUND NORTH AMERICA, an unknown business entity; PENAUILLE SERVISAIR, an unknown business entity; and DOES 1 through 100 inclusive, <br><br> Defendants. | Case No. CV11-01154 JHN(AGRx) <br><br> **PENAUILLE SERVISAIR, LLC'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA** <br><br> [28 U.S.C. §§ 1332(d), 1331 and 1441] |

DEFENDANT PENAUILLE SERVISAIR, LLC (nka SERVISAIR, LLC and fka GLOBEGROUND NORTH AMERICA) ("Servisair") gives notice that this cause is hereby removed from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

NOTICE OF REMOVAL

of California.  Servisair removes this matter pursuant to 28 U.S.C. sections 1331,
1332(d),1441, 1446, and 1453, and states that this Court has jurisdiction over the
action pursuant to the Class Action Fairness Act of 2005 ("CAFA") and 28 U.S.C.
section 1331.

As and for its Notice of Removal, Servisair pleads as follows:

1.     This lawsuit is a civil action within the meaning of the Acts of
Congress relating to removal of class actions.  *See* 28 U.S.C. § 1453.

2.     Plaintiff Robert Navarro ("Plaintiff") instituted this civil action
in the Superior Court of the State of California for the County of Los Angeles on or
about October 5, 2010, against "SERVISAIR, LLC, a Delaware corporation;
SERVISAIR & SHELL FUEL SERVICES, LLC, a Delaware corporation;
SERVISAIR USA, INC., a Delaware corporation; GLOBEGROUND NORTH
AMERICA, an unknown business entity; PENAUILLE SERVISAIR, an unknown
business entity; and DOES 1 through 100 inclusive," and was assigned Case
Number BC446828 in said court.

3.     This action was therefore commenced after the effective date of
the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (enacted Feb.
18, 2005), *codified at* 28 U.S.C. sections 1332(d), 1453 and 1711-1715.

4.     The Summons and Complaint were received by Servisair on
January 7, 2011, though not by its agent for service of process in California.  True
and correct copies of the Summons sand Complaint are attached hereto as Exhibit
A.

5.     The Summons and Complaint (attached hereto as Exhibit A)
constitute all process, pleadings and orders that have been filed in this action.

6.     Because this Notice of Removal is filed within thirty days of
service of the Summons and Complaint upon the Servisair, it is timely under
28 U.S.C. section 1446(b) and 28 U.S.C. section 1453.

7.    This lawsuit was brought by a putative representative person on behalf of a proposed class of individuals. Ex. A, ¶¶ 1-4, 18. As such, this matter is a purported class action, as that term is defined pursuant to 28 U.S.C. section 1332(d)(1)(B) and 28 U.S.C. § 1453.[1]

8.    This action originally could have been filed in this Court under 28 U.S.C. section 1332(d) because this matter was brought as a class action, complete diversity of citizenship exists between one or more members of the class and Servisair, and the amount in controversy exceeds, in the aggregate, $5,000,000 exclusive of interest and costs. This action also originally could have been filed in this Court under 28 U.S.C. section 1331(federal question jurisdiction) because it includes claims arising under the laws of the United States. Further, this action also includes claims over which this Court may properly exercise supplemental jurisdiction pursuant to 28 U.S.C. section 1367(a) because they form part of the same case or controversy as the claims over which this Court has original jurisdiction. Removal is therefore proper pursuant to 28 U.S.C. sections 1441, 1446 and 1453.

## I.    DIVERSITY OF CITIZENSHIP EXISTS

### A.    The Parties Are Diverse.

9.    Plaintiff alleges that he "is a resident of Los Angeles County, California" and that "[a]t a;; times herein, he had been employed by SERVISAIR, LLC, a Delaware corporation; SERVISAIR & SHELL FUEL SERVICES, LLC, a Delaware corporation; SERVISAIR USA, INC., a Delaware corporation; GLOBEGROUND NORTH AMERICA, an unknown business entity; PENAUILLE SERVISAIR, an unknown business entity." Ex. A, ¶ 3. Plaintiff does not allege any alternative state of residence. Accordingly, upon information

---

[1]    Servisair does not concede, and reserves the right to contest, at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. Servisair further does not concede that any of Plaintiff's allegations constitute a cause of action under applicable California law.

1   and belief, Plaintiff was at the institution of this civil action, and was at all times

2   intervening, a citizen and resident of California.

3            10.      Penauille Servisair, LLC is now known as Servisair, LLC and

4   was formerly known as Globeground North America, LLC (again, collectively

5   referred to as Servisair), an operator of aviation ground services, has approximately

6   4,525 employees nationwide.  The majority of Servisair's tangible property is

7   located in Illinois.  The majority of Servisair's production activities are performed

8   in Illinois and the majority of its income is earned in Illinois.

9            11.      Servisair is, and was at the time of the institution of this civil

10  action, and at all times intervening, a corporation organized and existing under and

11  by virtue of the laws of the State of Delaware with its principal place of business

12  (where the majority of its executive and administrative functions are performed) in

13  Houston, Texas.  Servisair, therefore, is a citizen of Delaware and Texas for the

14  purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

15           12.      As of the end of January 2011, Servisair conducted business in

16  17 states.

17           13.      Servisair's business activities do not substantially predominate

18  in any one state and the percentage of Servisair's total business activity that is

19  conducted in California is not significantly larger than other states in which it

20  conducts business.  As a result, Servisair is not now, and was not at the time of the

21  filing of the Complaint, a citizen of the State of California within the meaning of

22  the Acts of Congress relating to the removal of causes.  *See Arellano v. Home*

23  *Depot U.S.A., Inc.*, 245 F.Supp.2d 1102, 1105 (S.D. Cal. 2003); *Industrial*

24  *Tectonics v. Aero Alloy*, 912 F.2d 1090, 1093-94 (9th Cir. 1990).  Accordingly,

25  Servisair is a citizen of Delaware and Texas.

26           14.      Servisair Fuel Services, LLC (fka Servisair & Shell Fuel

27  Services, LLC) ("Servisair Fuel") is, and was at the time of the institution of this

28  civil action, and at all times intervening, a corporation organized and existing under

and by virtue of the laws of the State of Delaware with its principal place of business (where the majority of its executive and administrative functions are performed) in Houston, Texas.  Servisair Fuel, therefore, is a citizen of Delaware and Texas for the purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

15.    As of the end of January 2011, Servisair Fuel conducted business in 11 states, including Vancouver, B.C.

16.    Servisair Fuel's business activities do not substantially predominate in any one state and the percentage of Servisair's total business activity that is conducted in California is significantly lower than other states in which it conducts business.  Specifically, only approximately 9 % of Servisair Fuel's business is conducted in California, compared to 19% in Illinois, 16% in Minneapolis and 11% in Florida.  As a result, Servisair is not now, and was not at the time of the filing of the Complaint, a citizen of the State of California within the meaning of the Acts of Congress relating to the removal of causes.  *See Arellano v. Home Depot U.S.A., Inc.*, 245 F.Supp.2d 1102, 1105 (S.D. Cal. 2003); *Industrial Tectonics v. Aero Alloy*, 912 F.2d 1090, 1093-94 (9th Cir. 1990).  Accordingly, Servisair Fuel is a citizen of Delaware and Texas.

17.    Similar to Servisair and Servisair Fuel, Servisair USA, Inc. is, and was at the time of the institution of this civil action, and at all times intervening, a corporation organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business (where the majority of its executive and administrative functions are performed) in Houston, Texas.  Servisair USA, therefore, is a citizen of Delaware and Texas for the purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

18.    Servisair USA's business activities do not substantially predominate in any one state and the percentage of Servisair's total business activity that is conducted in California is significantly lower than other states in which it conducts business.  As a result, Servisair is not now, and was not at the

1   time of the filing of the Complaint, a citizen of the State of California within the

2   meaning of the Acts of Congress relating to the removal of causes.  *See Arellano v.*

3   *Home Depot U.S.A., Inc.*, 245 F.Supp.2d 1102, 1105 (S.D. Cal. 2003); *Industrial*

4   *Tectonics v. Aero Alloy*, 912 F.2d 1090, 1093-94 (9th Cir. 1990).  Accordingly,

5   Servisair Fuel is a citizen of Delaware and Texas.

6           19.    Based on the Complaint, therefore, at least one member of the

7   proposed class of plaintiffs (Romano) is a citizen of a state different from Servisair,

8   Servisair Fuel and Servisair USA.

9           20.    Neither Servisair Fuel nor Servisair USA (both of whom is

10  represented by Servisair's counsel of record herein) opposes this removal.

11  **B.      The Amount-In-Controversy Requirement is Satisfied.**

12          21.    Pursuant to CAFA, the claims of the individual members in a

13  class action are aggregated to determine if the amount in controversy exceeds the

14  sum or value of $5,000,000.  *See* 28 U.S.C. § 1332(d)(6).

15          22.    In addition, Congress intended for federal jurisdiction to be

16  appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000

17  either from the viewpoint of the plaintiff or the viewpoint of the defendant, and

18  regardless of the type of relief sought (*e.g.,* damages, injunctive relief, or

19  declaratory relief)."  Senate Judiciary Report, S. REP. 109-14, at 42.

20          23.    The Complaint seeks relief on behalf of a putative class

21  consisting of all "current and former non-exempt employees of [Servisair and Shell

22  Fuel] who held the positions of, *among others*, sales associates, for a period of time

23  within the four (4) years preceding the filing of this action" " in the State of

24  California."  Ex. A, ¶¶ 2, 4 (emphasis added).  Plaintiff has been employed as a

25  ramp agent at the Los Angeles International Airport in Los Angeles, California.

26  Servisair currently employs approximately 979 employees in California.  Of these

27  979 employees, approximately 416 are non-exempt ramp agents working at airports

28  in California.

24.     The Complaint in the instant action purports to allege multiple claims on behalf of the putative class members for unpaid wages and other relief including civil penalties and injunctive and equitable relief under various sections of the California Labor Code and the California Industrial Welfare Commission ("IWC") Wage Orders, and for restitution under Business and Professions Code section 17200. Ex. A, ¶¶ 1-18, 20-23, 25-27, 29-33, 35-37, 39, 40, 42-45, 47-50, 52-54, 56-57, 59-60, 62-65; Prayer for Relief ¶¶ 1-12.

25.     Plaintiff alleges that his claims are typical of the claims of the members of the proposed class. Ex. A, ¶¶ 18C, 6262C.

26.   The Complaint alleges that Plaintiff and the members of the class were "required, permitted or otherwise suffered" "to take less than the required 30-minute meal period or to work through them, and failed to otherwise provide the required meal periods" in violation of California Labor Code sections 226.7 and Industrial Wage Order 4-2001(11). Ex. A ,¶ 20. Plaintiffs further allege that in further violation of Sections 226.7 Industrial Wage Order 4-2001, Defendants "failed to pay each of their employees who was [sic] not provided with a meal period as required as additional one hour of compensation at each employees' regular rate of pay." Ex. A ,¶ 21. Plaintiffs also allege that Defendants further violated Sections "226.7, 510, 1194, 1197 and IWC Order 4 by failing to compensate the employees for all hours worked during their meal periods." Ex. A,¶ 22.

27.     Plaintiff alleges that he has worked for Defendants at all times relevant; i.e., since at least October 5, 2006. Ex. A, ¶ 3. Plaintiff alleges that he and the other putative class members were not compensated for overtime hours worked, required the employees to work off the clock, required the employees to work through breaks, illegally and inaccurately recorded time worked, failed to properly maintain records, failed to provide accurate itemized statements for each pay period, failed to pay all wages due upon discharge or quitting. Ex. A, ¶ 30.

28.   Plaintiff's hourly rate of pay as a non-exempt ramp agent is $14.019.

29.   Under Plaintiff's theory of the case, if Plaintiff and the putative class members were not provided with a required meal period at least three times a week and were entitled to one additional hour of pay for each work day on which a meal period was not provided, the potential liability would be at least: 416 putative ramp agent class members[2] x $42.057 (three hours of pay) x 156 weeks (3 years) = **$2,729,331**.

30.   Plaintiff alleges that Defendants "failed to provide rest periods to the non-exempt employees as required under California Labor Code § 226.7 and IWC Order 4-2001(12)" and further violated Section 226.7 and IWC Order 4 "by failing to pay each of their employees who was not provided with a rest period as required an additional one hour of compensation at each employee's regular rate." Ex. A ¶¶25, 26.

31.   Under Plaintiff's theory of the case, if Plaintiff and the putative class members were not provided with a required rest period at least three times a week and were entitled to one additional hour of pay for each work day on which a rest period was not provided, the potential liability for at least 416 putative ramp agent class members x $42.057 (three hours of pay) x 156 weeks (3 years) would be **$2,729,331**.

32.   Plaintiff alleges that he and similarly situated current and former employees are entitled to overtime pay compensation because they worked overtime (i.e., more than eight hours a day or 40 hours a week). Ex. A, ¶¶ 30.

---

[2]/   For the purposes of this removal, Servisair conservatively uses only the number of *ramp agents currently* employed in California.  The class, purportedly defined by Plaintiff is all current and *former* employees, whether or not ramp agents, who have worked in California in the past four years and, thus, will be far greater than 416. (*See* Ex. A; ¶¶ 2, 4 [Definition].)  Servisair currently employs approximately 979 employees total.

1  Plaintiff, however, does not specify the number of overtime hours he allegedly

2  worked for which he did not receive overtime compensation.

3         33.   Under Plaintiff's theory of the case, if Plaintiff and the putative

4  class members worked three overtime hours per week and were entitled to overtime

5  compensation for each overtime hour worked, the potential liability for at least 416

6  putative ramp agent class members x $21.028 (1.5x base pay) x 3 overtime hours x

7  156 weeks (3 years) would be **$4,093,899.20**.

8         34.   Plaintiff also alleges claims on behalf of all of Servisair's

9  current and former non-exempt employees in California for violations of California

10  Labor Code § 226(a)(2) (proper wage statements). Ex. A, ¶¶ 36-38. Plaintiff

11  alleges that Plaintiff and the putative class members are entitled damages and

12  penalties for under Section 226(e). Under Section 226(e), an injured employee can

13  recover actual damages or penalties (up to an aggregate penalty of $4,000) for a

14  knowing and intentional violation. Thus, under Plaintiff's theory of the case, the

15  potential aggregate penalties under Section 226(e) for 979 putative class members

16  (not including former employees' alleged damages) could be **$3,916,000** (979 x

17  $4,000).

18         35.   Further, Plaintiff seeks to represent a putative class of

19  nonexempt employees who no longer have an employment relationship with

20  Defendants and who allegedly failed to receive all wages due upon termination of

21  their relationship with Defendants. Ex. A, ¶¶ 18, 42-45. Plaintiff alleges that Labor

22  Code § 203, provides for a penalty for employees who were not fully paid their

23  wages when their employment ended in violation of California Labor Code §§ 201-

24  202. California Labor Code Section 203 provides for a penalty of up to 30 days of

25  daily wages. At the minimum wage ($8.00/hour), a worker's daily wage (assuming

26  8 hours worked) is $64.00. Thus, under Plaintiff's theory of the case, if he could

27  recover maximum waiting time penalties of 30 days of daily wages for

28

1    approximately 300 members of the putative class of all former employees of

2    Defendants over the past four years, the aggregate recovery would be **$576,000**.

3          36.    Plaintiff also seeks attorneys' fees under various laws.

4    Attorneys' fees are properly included in determining the amount in controversy.

5    *Sanchez v. Wal-Mart Stores, Inc.*, 2007 WL 1345706, *2 (E.D. Cal. 2007)

6    ("attorney's fees, if authorized by statute or contract, are also part of the

7    calculation").  Assuming Plaintiff can recover on his theories and allegations, under

8    his theory of the case, he would undoubtedly urge that he is entitled to receive

9    attorneys' fees of approximately 25% of the total recovery or more than

10   **$3,511,140.20** [$2,729,331 (alleged meal period premium) + $2,729,331 (alleged

11   rest period premium) + $4,093,899.20 (alleged overtime) + $3,916,000 (alleged

12   wage statement violations) + $576,000 (alleged a=waiting time penalties)].  *Cf. In*

13   *re Quintus Securities Litigation*, 148 F.Supp.2d 967, 973 (N.D. Cal. 2001) (noting

14   in the class action settlement context, that the benchmark for setting attorneys' fees

15   is 25 percent of the common fund).

16         37.    Thus, although Servisair denies Plaintiff's factual allegations or

17   that he or the class he purports to represent are entitled to the relief for which he has

18   prayed, based on Plaintiff's allegations and prayer for relief, the amount in

19   controversy clearly exceeds the $5,000,000 threshold set forth under 28 U.S.C.

20   section 1332(d)(2).[3]

21   **II.    FEDERAL QUESTION JURISDICTION EXISTS**

22         38.    As set forth below, this is a civil action of which the Court has

23   original jurisdiction pursuant to 28 U.S.C. section 1331 (federal question

24   jurisdiction).  Further, this action also includes claims over which this Court may

25   properly exercise supplemental jurisdiction pursuant to 28 U.S.C. section 1367(a),

---

26   [3]    Indeed, the few calculations set forth herein alon greatly exceed the
27   jurisdictional threshold of $5,000,000, without even taking into account the alleged
     damages of Defendants' former non-exempt employees, all alleged damages for
     current employees, or any alleged damages for alleged minimum wage violations,
28   expense reimbursement, reporting time wage violations, or split shift premiums.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

                                                         NOTICE OF REMOVAL

1   because they form part of the same case or controversy as the claims over which

2   this Court has original jurisdiction.  Accordingly, this entire action is one which

3   may be removed to this Court by Servisair pursuant to the provisions of 28 U.S.C.

4   section 1441(b) in that it includes claims arising under the laws of the United

5   States.

6          39.    Plaintiff alleges that he has been employed with Defendants

7   throughout all times relevant to this action; i.e., since at least October 5, 2006.  Ex.

8   A; ¶ 3.  Plaintiff worked as a ramp agent.  As a ramp agent, at all times relevant,

9   Plaintiff's employment was subject to a Collective Bargaining Agreement ("CBA")

10  between Servisair, LLC (or its predecessor(s)) and The International Association of

11  Machinists & Aerospace Workers, AFL-CIO, District Lodge 190 and its Affiliated

12  Peninsula Auto Machinists Local Lodge 1414, which governs the employment,

13  including the wages and work schedules, of ramp agents, aircraft cleaners and

14  ground support equipment mechanics employed by Servisair.  The CBA is

15  governed by the terms of the Labor Management Relations Act ("LMRA") 29

16  U.S.C. Sections 141 et seq. and the Railway Labor Act ("RLA"), 45 U.S.C. section

17  151 et seq.

18         40.    Plaintiff alleges in his First Cause of Action that Plaintiff and

19  similarly situated current and former employees were required to work through

20  their meal periods without proper compensation in violation of California law.  Ex.

21  A, ¶¶ 20-23.

22         41.    Plaintiff further alleges in his Second Cause of Action, that

23  Plaintiff and similarly situated current and former employees were required to work

24  through their rest periods without proper compensation in violation of California

25  law.  Ex. A, ¶¶ 25-27.

26         42.    Plaintiff further alleges in his Third Cause of Action that

27  Servisair failed to pay Plaintiff and similarly situated current and former employees

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
   NEW YORK

NOTICE OF REMOVAL

overtime compensation in violation of California Labor Code sections 510 and 1194, among others.  Ex. A, ¶¶ 29-33.

43.     Plaintiff further alleges in his Fourth Cause of Action that Servisair failed to pay Plaintiff and similarly situated current and former employees minimum wages in violation of California Labor Code sections 1194 and 1197, among others.  Ex. A, ¶¶ 35-37.

44.     Plaintiff further alleges in his Fifth Cause of Action that Servisair failed to maintain payroll records for Plaintiff and similarly situated current and former employees in violation of California Labor Code sections 1174, 1174.5 and Industrial Wage Order 4-2001(7).  Ex. A, ¶¶ 39-40.

45.     Plaintiff further alleges in his Sixth Cause of Action that Servisair failed to pay all wages due former employees upon quitting or termination in violation of California Labor Code sections 201, 202, and 203.  Ex. A, ¶¶ 42-45.

46.     Plaintiff further alleges in his Seventh Cause of Action that Servisair failed to indemnify Plaintiff and similarly situated current and former employees for uniforms and equipment used in the discharge of their duties in violation of California Labor Code sections 221, 2802 and Industrial Wage Order 7-2001.  Ex. A, ¶¶ 47-50.

47.     Plaintiff further alleges that Servisair violated the California Business and Professions Code section 17200 by: (a) failing to pay one hour compensation for improper or missed meal and rest periods; (b) failing to pay all wages due; (c) failing to pay minimum wages and overtime compensation; (d) failing to provide adequate itemized wage statements; (e) illegally deducting wages for uniforms and equipment used in the discharge of the putative class members' duties ; (f) failing to pay all earned wages; and (g) failing and refusing to provide accurate wage statements and maintain proper records.  Ex. A, ¶ 51-54.

48.     Plaintiff further alleges in his Ninth Cause of Action that Servisair failed to pay Plaintiff and similarly situated current and former employees

MORGAN, LEWIS &
BOCKIUS L.L.P.
ATTORNEYS AT LAW
NEW YORK

NOTICE OF REMOVAL

premium pay for split shifts in violation of California Labor Code section 226.7 and Industrial Wage Order 9-2001(4)(C). Ex. A, ¶¶ 56-57.

49.    Plaintiff further alleges in his Tenth Cause of Action that Servisair failed to pay Plaintiff and similarly situated current and former employees reporting time wages in violation of California Labor Code section 1194(a), 1194.2 and 1197. Ex. A, ¶¶ 59-60.

50.    Finally, in his Eleventh Cause of Action, Plaintiff alleges a representative action under California Labor Code sections 2698-2699.5; the California Private Attorney General Act, seeking to recover civil penalties on behalf of the State of California for alleged violations of California Labor Code sections 201-203, 221, 226, 226.7, 227.3, 512, 558, 1174, 1194, 117, 1197.1, and 2802. Ex. A, ¶¶ 61-65.

51.    This action is properly removed to this Court because it has federal question jurisdiction under the RLA.  Pursuant to 28 U.S.C. section 1331, the district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  Under 28 U.S.C. section 1441(b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

52.    This Court has original jurisdiction over this action because the RLA completely preempts any of Plaintiff's state wage and hour claims that require interpretation or application of the CBA.  Where a federal cause of action completely preempts a state law cause of action, any complaint that comes within the scope of the federal cause of action necessarily "arises under" federal law. *Franchise Tax Board of California v. Construction Laborers, Vacation Trust for So. California*, 463 U.S. 1 (1983).  Here, the fact that Plaintiff has pled only state law claims and seeks only a remedy under state law is immaterial because the Court

1    may uphold removal "even though no federal question appears on the fact of the

2    complaint." *Gore v. Trans World Airlines*, 210 F.3d 944, 950 (8th Cir. 2000); *see*

3    *Schroeder v. Trans World Airlines*, 702 F.2d 189, 190 (9th Cir. 1983) (stating that

4    the court will look at the complaint together with the notice of removal to determine

5    whether the plaintiff intended to "avoid application of federal law and rel[y] solely

6    on state law to articulate their claims.").

7           53.    Congress enacted the RLA, which was extended to cover the

8    airline industry in 1936, "to promote stability in labor-management relations by

9    providing a comprehensive framework for resolving labor disputes." *Espinal v.*

10   *Northwest Airlines*, 90 F.3d 1452, 1456 (9th Cir. 1996) (*citing Hawaiian Airlines,*

11   *Inc. v. Norris*, 512 U.S. 246, 252 (1994). The RLA establishes a mandatory arbitral

12   mechanism for settling "minor disputes" that grow out of "grievances or out of the

13   interpretation or application of agreements covering rates of pay, rules or working

14   conditions." *Id.*  Adjustment boards have primary and exclusive jurisdiction over

15   minor disputes. *Union P.R. Co. v. Sheenan*, 439 U.S. 89, 99 (1978).

16          54.    Although the RLA specifically governs common carriers by rail

17   or air, it also applies to entities that do not operate a rail or air carrier directly but

18   perform similar functions or support services. *Servicemaster Aviation Serv.*, 24

19   NMB 181, 183 (1997).  In determining whether the RLA covers a particular

20   employer, the National Mediation Board considers whether the nature of the work

21   performed by the employees is similar to that traditionally performed by rail and air

22   carriers and whether there is ownership or control, direct or indirect, by a common

23   carrier over the entity in question. *Servicemaster Aviation Serv.*, 24 NMB at 183.

24   Using this standard, the RLA has been applied to companies performing various

25   services related to rail and air transport. *See Servicemaster Aviation Services*, 24

26   NMB at 182 (skycap services and wheelchair attendants); *Sky Valet*, 23 NMB 155,

27   157 (1996) (airport janitorial services); *Matter of International Total Services, Inc.*,

28   16 NMB 44, 45 (1988) (airport security services).  Here, Servisair is directly or

indirectly controlled by the airlines with which it contracts to do business. This carrier control includes, but is not limited to, the following: (1) airlines may request the permanent removal of Servisair employees from an account; (2) Servisair employees are, in fact, removed from an account at an airline's request; (3) Servisair responds to airline complaints regarding its employees; (4) Servisair has taken disciplinary action against employees in response to airline complaints, up to and including termination; (5) employee work schedules are based on airline flight schedules; (6) airlines direct some of the work performed by Servisair employees; (7) certain Servisair employees are required to wear uniforms provided by the airlines; (8) airlines reserve the right to request a list of employees scheduled to work a particular flight prior to those employees performing any services for the airline under the contract; and (9) certain airlines reserve the right to train Servisair employees.

55.   The RLA completely preempts state law claims where the resolution of that claim depends upon the interpretation of a collective bargaining agreement. *Schroeder*, 702 F.2d at 191 (affirming removal, court stated that "the application of the RLA and the necessity of its interpretation establish the existence of a federal question as an essential element of plaintiff's cause of action, providing the basis for removal."); *see Adams v. Executive Airlines, Inc.*, 258 F.3d 7 (1st Cir. 2001) (action preempted by the RLA because flight attendant compensation was based on a CBA that took into account flight time, on duty time and a flight time guarantee).

56.   Plaintiff's Complaint is no more than an artful effort to evade the mandatory system of adjustment board arbitration under the RLA. The allegations set forth above will require the Court to interpret and/or apply the CBA in order to resolve issues which include the following: (1) whether the CBA at issue provides different requirements regarding wage payments than state law; (2) entitlement to overtime pay; (3) entitlement to and frequency of meal and/or rest

15

NOTICE OF REMOVAL

breaks; (4); base and overtime pay; and (5) the difference between employee schedules and actual hours worked.

57.     Because Plaintiff's Complaint necessarily depends on the interpretation and/or application of the CBA and because disputes involving the interpretation and application of the CBA are subject to mandatory arbitration under the RLA, Plaintiff's claims are preempted by the RLA and are removable under 28 U.S.C. section 1441(b) to the United States District Court.

58.     This action may also be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441(b) because it arises under the Labor Management Relations Act ("LMRA"), 29 U.S.C. section 185.

59.     Claims which require the Court to interpret the terms of a CBA or whose claims are substantially dependent on the CBA, are completely preempted by section 301 of the LMRA. *See, United Steelworkers of America v. Rawson*, 495 U.S. 362, 368-69 (1990) (employees' state law claim preempted because it required interpretation of collective bargaining agreement); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (state claim preempted because it was substantially dependent on analysis of collective bargaining agreement); *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1016 (9th Cir. 2000) (state contract claim preempted where it required interpretation of collective bargaining agreement).

60.     State law claims preempted by section 301 are considered to arise under federal law, thus providing the federal courts with subject matter jurisdiction. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) (state claim preempted under section 301 "is purely a creature of federal law").

61.     Here, as explained *supra*, all of Plaintiffs' causes of action – which are all wage-based – are preempted by Section 301.  Plaintiff alleges that he was not properly compensated pursuant to state wage and hour law.  However, Plaintiff's rate of pay, rate of overtime compensation, hours of work, reporting time

wages, split-shift wages, and frequency of meal and rest breaks, are governed exclusively by the CBA.  Accordingly, Plaintiff's claims require interpretation of the CBA and/or are dependent on the CBA.

62. Because Plaintiff's Complaint necessarily depends on the interpretation of the CBA, his claims are preempted by the LMRA and are removable under 28 U.S.C. section 1441(b) to the United States District Court.

63. This action may also be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441(b) because it arises under the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. section 41713(b)(1).  The ADA provides that a state "may not enact or enforce a law, regulation or other provision having the force and effect of law related to a price, route or service" of an air carrier. *Morales v. Trans World Airlines, Inc.* 504 U.S. 374, 374 (1992).  Plaintiff alleges *inter alia* that Servisair violated California's minimum wage and overtime laws, that Plaintiff worked through meal and rest breaks without being properly compensated, that Servisair failed to pay all wages due to discharged or quitting employees, that Servisair failed to reimburse employees for expenses incurred by the employees for uniforms and equipment required in the discharge of their duties, and that Servisair committed unfair business practices.  The ADA preempts actions to enforce state wage and hour laws and claims brought under California Unfair Business Practices Act. *See In re JetBlue Airways Corp. Privacy Litigation*, 379 F.Supp.2d 299, 315-16 (E.D.N.Y. 2005) (action brought under California Unfair Business and Practices Act preempted by ADA).

64. Because Plaintiff's Complaint relates to the price, route and/or service of an air carrier, his claims are preempted by the ADA and are removable under 28 U.S.C. section 1441(b) to the United States District Court.

NOTICE OF REMOVAL

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

### III.   THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

65.   As set forth above, this Notice of Removal is filed within thirty days of service of the Summons and Complaint upon Servisair.

66.   Servisair will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. section 1446(d).

67.   The prerequisites for removal under 28 U.S.C. sections 1441 and 1453 have been met.

68.   Venue is proper in this district pursuant to 28 U.S.C. section 1441(a) because the District Court for the Central District of California, is the judicial district and division embracing the place where the state court case is pending.

69.   Because this Court has original jurisdiction under the provisions of 28 U.S.C. sections 1331 and 1332, removal of this action is proper pursuant to 28 U.S.C. section 1441.

70.   If any question arises as to the propriety of the removal of this action, Servisair requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Servisair, desiring to remove this case to the United States District Court for the Central District of California, prays that the filing of this Notice of Removal shall effect the removal of the suit to this Court.

///

///

///

///

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

NOTICE OF REMOVAL

1   Dated:  February 7, 2011                    MORGAN, LEWIS & BOCKIUS LLP

2

3                                               By _____

4                                                   Barbara A. Fitzgerald
                                                Attorneys for Defendant
5                                               SERVISAIR, LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 05 2010

John A. Clarke, Executive Officer/Clerk
BY _____ , Deputy
Shaunya Wesley

**NOTICE TO DEFENDANT:** SERVISAIR LLC, a Delaware
**(AVISO AL DEMANDADO):** corporation; SERVISAIR & SHELL FUEL
SERVICES, LLC, a Delaware corporation; SERVISAIR USA,
INC., a Delaware corporation; GLOBEGROUND NORTH AMERICA,
an unknown business entity; PENAUILLE SERVISAIR, an
unknown business entity; and DOES 1 through 100 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** RUBEN ROMANO, individually,
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** and on behalf of other
similarly situated current and former employees of Servisair LLC;
Servisair & Shell Fuel Services, LLC; Servisair USA, Inc.;
Globeground North America; Penauille Servisair.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(El nombre y dirección de la corte es):

LOS ANGELES SUPERIOR COURT
111 N. Hill Street
111 N. Hill Street
Los Angeles, CA 90012

**CASE NUMBER**
(Número del Caso)
**BC446828**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Matthew J. Matern (State Bar #159798)       (310) 218-5500
RASTEGAR & MATERN, ATTORNEYS AT LAW
1010 Crenshaw Boulevard, Suite 100
Torrance, CA 90501

DATE: **OCT 05 2010**   Clerk, by _JOHN A. CLARKE, CLERK_ **Shaunya Wesley** , Deputy
(Fecha)              (Secretario)                                      (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): _Penauille Servisair_
   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other (specify): _Unknown_
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Legal Solutions

Code of

**Exhibit A Page 20**

1  MATTHEW J. MATERN (State Bar #159798)
   RASTEGAR & MATERN, ATTORNEYS AT LAW
2  1010 Crenshaw Boulevard, Suite 100
   Torrance, California 90501
3  Tel. (310) 218-5500
   Fax.(310) 218-1155
4
   Attorney for Plaintiff Ruben Romano, individually,
5  and on behalf of other similarly situated current and
   former employees of Servisair LLC; Servisair &
6  Shell Fuel Services, LLC; Servisair USA, Inc.;
   Globeground North America; Penauille Servisair.
7

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 05 2010

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shaunya Wesley

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES      BC 446828

| | |
|---|---|
| 10  RUBEN ROMANO, individually,<br>11  and on behalf of other similarly situated<br>   current and former employees of Servisair<br>12  LLC; Servisair & Shell Fuel<br>   LLC; Servisair USA, Inc.; Globeground<br>13  North America; Penauille Servisair.<br>14              Plaintiffs,<br>15              vs.<br>16  SERVISAIR LLC, a Delaware<br>   corporation; SERVISAIR & SHELL<br>17  FUEL SERVICES, LLC, a Delaware<br>   corporation; SERVISAIR USA, INC., a<br>18  Delaware corporation; GLOBEGROUND<br>   NORTH AMERICA, an unknown<br>19  business entity; PENAUILLE<br>   SERVISAIR, an unknown business entity;<br>20  and DOES 1 through 100 inclusive,<br>21              Defendants.<br>22 | CASE NO.:<br>**CLASS ACTION COMPLAINT:**<br>1.    **Failure to Provide Required**<br>      **Meal Periods**<br>2.    **Failure to Provide Required**<br>      **Rest Periods**<br>3.    **Failure to Pay Overtime**<br>      **Compensation**<br>4.    **Failure to Pay Minimum Wages**<br>5.    **Failure to Provide Accurate**<br>      **Statements and Maintain**<br>      **Required Records**<br>6.    **Failure to Pay All Wages Due to**<br>      **Discharged or Quitting**<br>      **Employees** |

23    7.    Unlawful Collection or Receipt
            of Wages Previously Paid and
24          Failure to Indemnify For
            Expenditures in Discharge of
25          Duties

      8.    Unlawful Business Practices
26
      9.    Failure to Pay Premium for
27          Split Shifts

28    10.   Failure to Pay Reporting Time
            Wages

      **REPRESENTATIVE ACTION:**

      11.   Representative Action for Civil
            Penalties

      **DEMAND FOR JURY TRIAL**

-1-
COMPLAINT

W:\Romano, Ruben\Class Action\Pleadings\CA Complaint.d2.wpd

1        RUBEN ROMANO, individually, and on behalf of all other similarly situated

2   current and former employees of DEFENDANT SERVISAIR LLC, a Delaware

3   corporation; SERVISAIR & SHELL FUEL SERVICES, LLC, a Delaware corporation;

4   SERVISAIR USA, INC., a Delaware corporation; GLOBEGROUND NORTH AMERICA,

5   an unknown business entity; PENAUILLE SERVISAIR, an unknown business entity,

6   hereby allege as follows:

7   **JURISDICTION**

8        1.    This Court is the proper Court, and this action is properly filed in the

9   Superior Court of the State of California, County of Los Angeles, because Defendants'

10  obligations and liability arise in the County of Los Angeles, because Defendants maintain

11  offices and transact business in the County of Los Angeles, and because the work which is

12  the subject of this action was performed by Plaintiffs in the County of Los Angeles.

13  **PLAINTIFF**

14       2.    Plaintiff RUBEN ROMANO("NAMED PLAINTIFF"), individually,

15  and on behalf of all other similarly situated current and former employees in the State of

16  California (collectively hereafter "PLAINTIFFS") and Does 1 through 100 (collectively

17  "DEFENDANTS"), bring this Class Action and Representative Action to recover, among

18  other things, wages and penalties from unpaid wages earned and due, including but not

19  limited to unpaid minimum wages, unpaid and illegally calculated overtime compensation,

20  illegal break policies, failure to maintain required records, and interest, attorneys fees,

21  costs, and expenses. PLAINTIFFS reserve the right to name additional class

22  representatives.

23       3.    The NAMED PLAINTIFF is a resident of Los Angeles County,

24  California. At all relevant times herein, he had been employed by SERVISAIR LLC, a

25  Delaware corporation; SERVISAIR & SHELL FUEL SERVICES, LLC, a Delaware

26  corporation; SERVISAIR USA, INC., a Delaware corporation; GLOBEGROUND NORTH

27  AMERICA, an unknown business entity; PENAUILLE SERVISAIR, an unknown business

28  entity, as a non-exempt, hourly employee.

---

-2-
**COMPLAINT**

W:\Romano, Ruben\Class Action\Pleadings\CA Complaint.d2.wpd

Exhibit A Page 22

1        4.    PLAINTIFFS are current and former non-exempt employees of

2    DEFENDANTS, who held the positions of, among others, sales associates, for a period of

3    time within the four (4) years preceding the filing of this action.

4

5                                         **DEFENDANTS**

6        5.    At all relevant times alleged herein, PLAINTIFF is informed and

7    believes, and thereon alleges that DEFENDANT SERVISAIR LLC is, and at all times

8    relevant hereto was, a corporation organized and existing under the laws of the State of

9    Delaware.  PLAINTIFF is further informed and believes, and thereon alleges, that

10   DEFENDANT SERVISAIR LLC is authorized to conduct business in the State of

11   California, and does conduct business in the State of California.  Specifically,

12   DEFENDANT SERVISAIR LLC maintains offices and facilities and conducts business in

13   the County of Los Angeles, State of California.

14       6.    At all relevant times alleged herein, PLAINTIFF is informed and

15   believes, and thereon alleges that DEFENDANT SERVISAIR & SHELL FUEL

16   SERVICES, LLC is, and at all times relevant hereto was, a corporation organized and

17   existing under the laws of the State of Delaware.  PLAINTIFF is further informed and

18   believes, and thereon alleges, that DEFENDANT SERVISAIR & SHELL FUEL

19   SERVICES, LLC is authorized to conduct business in the State of California, and does

20   conduct business in the State of California.  Specifically, DEFENDANT SERVISAIR &

21   SHELL FUEL SERVICES, LLC maintains offices and facilities and conducts business in

22   the County of Los Angeles, State of California.

23       7.    At all relevant times alleged herein, PLAINTIFF is informed and

24   believes, and thereon alleges that DEFENDANT SERVISAIR USA, INC. is, and at all

25   times relevant hereto was, a corporation organized and existing under the laws of the State

26   of Delaware.  PLAINTIFF is further informed and believes, and thereon alleges, that

27   DEFENDANT SERVISAIR USA, INC., is authorized to conduct business in the State of

28   California, and does conduct business in the State of California.  Specifically,

-3-
**COMPLAINT**

1   DEFENDANT SERVISAIR USA, INC., maintains offices and facilities and conducts

2   business in the County of Los Angeles, State of California.

3           8.      At all relevant times alleged herein, PLAINTIFF is informed and

4   believes, and thereon alleges that GLOBEGROUND NORTH AMERICA is, and at all

5   times relevant hereto was, a corporation organized and existing under the laws of the State

6   of California.  PLAINTIFF is further informed and believes, and thereon alleges, that

7   DEFENDANT GLOBEGROUND NORTH AMERICA is authorized to conduct business

8   in the State of California, and does conduct business in the State of California.

9   Specifically, DEFENDANT GLOBEGROUND NORTH AMERICA maintains offices and

10  facilities and conducts business in the County of Los Angeles, State of California.

11          9.      At all relevant times alleged herein, PLAINTIFF is informed and

12  believes, and thereon alleges that GLOBEGROUND NORTH AMERICA is, and at all

13  times relevant hereto was, a corporation organized and existing under the laws of the State

14  of California.  PLAINTIFF is further informed and believes, and thereon alleges, that

15  DEFENDANT GLOBEGROUND NORTH AMERICA is authorized to conduct business

16  in the State of California, and does conduct business in the State of California.

17  Specifically, DEFENDANT GLOBEGROUND NORTH AMERICA maintains offices and

18  facilities and conducts business in the County of Los Angeles, State of California.

19          10.     Upon information and belief, DEFENDANTS SERVISAIR LLC;

20  SERVISAIR & SHELL FUEL SERVICES, LLC; SERVISAIR USA, INC.;

21  GLOBEGROUND NORTH AMERICA; and PENAUILLE SERVISAIR engaged in the

22  same illegal payroll practices as DOES 1 through 100, through methods and schemes which

23  include but are not limited to formulating, participating in and directing the illegal payroll

24  practices and policies, sharing computer servers, personnel, payroll systems and databases,

25  and giving and receiving advice on payroll and human resource issues as an ostensible or

26  actual single entity, acting as a joint enterprise, joint employer, alter ego, division, affiliate,

27  subsidiary, parent, principal, related entity, co-conspirator, authorized agent, partner, joint

28  venturer, and/or guarantor of each other and/or with each other.

1          11.    All claims against DEFENDANTS are therefore also pled against

2 DOES 1 through 100.

3          12.    The true names and capacities of DOES 1 through 100, inclusive, are

4 unknown to PLAINTIFFS, who therefore sue said DOE Defendants by fictitious names.

5 PLAINTIFFS will amend this Complaint to show their true names and capacities when they

6 have been ascertained.

7          13.    Upon information and belief, DEFENDANTS were the alter egos,

8 divisions, affiliates, integrated enterprises, subsidiaries, parents, principals, related entities,

9 co-conspirators, authorized agents, partners, joint venturers, guarantors, actual or ostensible

10 of each other and DOES 1 through 100.

11          14.    At all relevant times herein, in perpetrating the acts and omissions

12 alleged herein, DEFENDANTS, and each of them, acted pursuant to and in furtherance of

13 their policies and practices of not paying PLAINTIFFS all wages earned and due, all wages

14 due upon discharge, through methods and schemes including but not limited to, failing to

15 provide rest and meal periods as required by law; failing to properly record the meal

16 periods; failing to provide itemized statements per pay period as required by law; failing to

17 provide overtime compensation; failing to properly maintain records; and illegal break

18 policies, in violation of California Labor Code and Industrial Welfare Commission Orders.

19          15.    PLAINTIFFS are informed and believe, and thereon allege that each

20 and every one of the acts and omissions alleged herein was performed by, and/or

21 attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under

22 the direction and control of each of the other DEFENDANTS, and that said acts and

23 failures to act were within the course and scope of said agency, employment and/or

24 direction and control.

25          16.    At all relevant times alleged herein, PLAINTIFFS are informed and believe,

26 and thereon allege that DEFENDANTS were joint employers of the proposed class.

27          17.    As a direct and proximate result of the unlawful actions of

28 DEFENDANTS, PLAINTIFFS have suffered and continue to suffer from loss of earnings

1   in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of

2   this Court.

3                    **CLASS ACTION DESIGNATION**

4          18.     PLAINTIFFS' first ten causes of action, namely failure to provide

5   require meal periods, failure to provide required rest periods, failure to pay overtime

6   compensation, failure to pay minimum wages, failure to maintain required records, failure

7   to pay all wages due to discharged or quitting employees, failure to permit employees to

8   inspect or copy records and unfair business practices, failure to pay premium for split shifts

9   failure to pay reporting time wages, are appropriately suitable for class treatment because:

10         A.     The potential class is a significant number.  Joinder of all

11  current and former employees individually would be impractical.

12         B.     This action involves common questions of law and fact to the

13  potential class because the action focuses on the DEFENDANTS' systematic course of

14  illegal payroll practices and policies, which was applied to all hourly employees in violation

15  of the California Labor Code, and the California Business and Professions Code which

16  prohibits unfair business practices arising from such violations.

17         C.     The claims of the NAMED PLAINTIFF are typical of the class

18  because DEFENDANTS subjected all of their hourly employees to the identical violations

19  of the California Labor Code and California Business and Professions Code.

20         D.     The NAMED PLAINTIFF is able to fairly and adequately

21  protect the interests of all members of the Class because it is in his best interest to prosecute

22  the claims alleged herein to obtain full compensation due to him for all services rendered

23  and hours worked.

24         E.     PLAINTIFFS expressly designate their eleventh cause of action

25  as a representative action, and not as a class action.

26  ///

27  ///

28  ///

-6-
**COMPLAINT**

Exhibit A Page 26

## FIRST CAUSE OF ACTION

### Failure to Provide Required Meal Periods
### (Against all Defendants)

19.　PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 18

20.　At all times relevant herein, as part of their illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered their employees to take less than the required 30-minute meal period or to work through them, and failed to otherwise provide the required meal periods to their employees as required under California Labor Code § 226.7 and IWC Order 4-2001(11).

21.　DEFENDANTS further violated California Labor Code § 226.7 and IWC Order 4 by failing to pay each of their employees who was not provided with a meal period as required an additional one hour of compensation at each employees' regular rate of pay.

22.　DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197 and IWC Order 4 by failing to compensate the employees for all hours worked during their meal periods.

23.　As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, attorneys' fees, expenses and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods
### (Against all Defendants)

24.　PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 23.

25.　At all times relevant herein, as part of their illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS

-7-
COMPLAINT

W:\Romano, Ruben\Class Action\Pleadings\CA Complaint d2.wpd

1   failed to provide rest periods to the non-exempt employees as required under California

2   Labor Code § 226.7 and IWC Order 4-2001(12).

3           26.     DEFENDANTS further violated Labor Code § 226.7 and IWC Order 4

4   by failing to pay each of their employees who was not provided with a rest period as

5   required an additional one hour of compensation at each employee's regular rate of pay.

6           27.     As a proximate result of the aforementioned violations, PLAINTIFFS

7   have been damaged in an amount according to proof at trial, and seek all wages earned and

8   due, interest, penalties, attorneys' fees and expenses and costs of suit.

9                              **THIRD CAUSE OF ACTION**

10                      **Failure to Pay Overtime Compensation**
11                            **(Against all Defendants)**

12          28.     PLAINTIFFS incorporate herein by specific reference as though fully

13   set forth the allegations in paragraphs 1 through 27.

14          29.     Pursuant to California Labor Code §§ 510 and 1194, for the four (4)

15   years preceding the filing of this lawsuit, DEFENDANTS were required to compensate

16   PLAINTIFFS for all overtime, which is calculated at one and one-half (1 ½) times the

17   regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40)

18   hours per week, and for the first eight (8) hours on the seventh consecutive work day, with

19   double time for any work in excess of eight (8) hours on the seventh day of any work week,

20   or after twelve (12) hours in any work day.

21          30.     PLAINTIFFS were non-exempt employees entitled to the protections

22   of California Labor Code §§ 510 and 1194.  During the course of PLAINTIFFS'

23   employment, DEFENDANTS failed to compensate PLAINTIFFS for overtime hours

24   worked as required under the foregoing provisions of the California Labor Code by: failing

25   to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by

26   California Labor Code §§ 510 and 1194; requiring, permitting or suffering the employees

27   to work off the clock; requiring, permitting or suffering the employees to work through

28   ///

---

1  breaks; illegally and inaccurately recording time worked; failing to properly maintain

2  records; failing to provide accurate itemized statements for each pay period; failing to pay

3  all wages due upon discharge or quitting; and other methods to be discovered.

4     31.   In violation of state law, DEFENDANTS have knowingly and

5  willfully refused to perform their obligations to compensate PLAINTIFFS for all wages

6  earned and all hours worked.  As a direct result, PLAINTIFFS have suffered, and continue

7  to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on

8  such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully

9  perform their obligations under state law, all to their respective damages in amounts

10  according to proof at time of trial, and within the jurisdiction of this Court.

11     32.   DEFENDANTS committed the acts alleged herein knowingly and

12  willfully, with the wrongful and deliberate intention of injuring PLAINTIFFS, from

13  improper motives amounting to malice, and in conscious disregard of PLAINTIFFS' rights.

14  PLAINTIFFS are thus entitled to recover nominal, actual, compensatory, punitive, and

15  exemplary damages in amounts according to proof at time of trial, and within the

16  jurisdiction of this Court.

17     33.   DEFENDANTS' conduct described herein violates Labor Code §§

18  226, 510, 1194, 1197 and IWC Order 4.  Therefore, pursuant to California Labor Code §§

19  200, 203, 218.5, 226, 558, 1194, 1994.2, 1197.1, and other applicable provisions under the

20  Labor Code and IWC Orders, PLAINTIFFS are entitled to recover the unpaid balance of

21  wages DEFENDANTS owe PLAINTIFFS, plus interest, penalties, attorneys' fees,

22  expenses and costs of suit.

23               **FOURTH CAUSE OF ACTION**

24               **Failure to Pay Minimum Wages**
                 **(Against all Defendants)**

25

26     34.   PLAINTIFFS incorporate herein by specific reference as though fully

27  set forth the allegations in paragraphs 1 through 33.

28  ///

-9-

COMPLAINT

W:\Romano, Ruben\Class Action\Pleadings\CA Complaint d2.wpd

35.   Pursuant to California Labor Code §1194 and §1197, payment of less than minimum wage fixed by the Industrial Welfare Commission is unlawful.

36.   DEFENDANTS failed to pay PLAINTIFFS minimum wages by failing to pay for all hours worked by: requiring, permitting or suffering the employees to work off the clock; requiring, permitting or suffering the employees to work through breaks; illegally and inaccurately recording time worked; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; and other methods to be discovered.

37.   DEFENDANTS' conduct described herein violates Labor Code §§ 226, 510, 1194, 1197 and IWC Order 4.  As a proximate result of the aforementioned violations, PLAINTIFFS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 218.5, 226, 558, 1194, 1994.2, 1197.1, and other applicable provisions under the Labor Code and IWC Orders, PLAINTIFFS are entitled to recover the unpaid balance of wages DEFENDANTS owe PLAINTIFFS, plus interest, penalties, attorneys' fees, expenses and costs of suit.

## FIFTH CAUSE OF ACTION

### Failure to Maintain Required Records
### (Against all Defendants)

38.   PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 37.

39.   At all times relevant herein, as part of their illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to maintain records as required under California Labor Code §1174, 1174.5 and IWC Order 4-2001(7), including but not limited to failing to maintain accurate records as to all hours worked by an employee and applicable rates of pay, all deductions, records of meal periods and accurate itemized statements.

///

///

-10-
**COMPLAINT**

40.     As a proximate result of the aforementioned violations, PLAINTIFFS
have been damaged in an amount according to proof at trial, and seek all wages earned and
due, interest, penalties, attorneys' fees, and expenses and costs of suit.

## SIXTH CAUSE OF ACTION

### Failure to Pay All Wages Due to Discharged or Quitting Employees
### (Against all Defendants)

41.     PLAINTIFFS incorporate herein by specific reference as though fully
set forth the allegations in paragraphs 1 through 40.

42.     Pursuant to California Labor Code § 201, 202, and 203, upon former
employee PLAINTIFFS' respective dates of discharge or quitting, DEFENDANTS were
required to pay PLAINTIFFS all earned wages. Pursuant to California § 202,
DEFENDANTS were required to pay all wages due to a quitting employee who did not
provide 72-hour notice no later than 72 hours after an employee quits his or her
employment. At the time of all former employee PLAINTIFFS' respective termination and
quitting dates, former employee PLAINTIFFS had unpaid wages. In violation of Labor
Code §§ 201, 202 and 203, DEFENDANTS failed to pay each former employee
PLAINTIFF any of the amount of wages due and owing him or her, in amounts to be
proven at the time of trial, but in excess of the jurisdiction of this Court.

43.     DEFENDANTS' failure to pay former employee PLAINTIFFS the
respective wages due and owing them was willful, as DEFENDANTS were apprised of the
wages due, and a demand was made for payment of all wages due.

44.     DEFENDANTS' failure to pay former employee PLAINTIFFS all
wages due were done with the wrongful and deliberate intention of injuring PLAINTIFFS,
from improper motives amounting to malice and in conscious disregard of PLAINTIFFS'
rights.

45.     DEFENDANTS' willful failure to pay PLAINTIFFS the wages due
and owing each of them constitutes violations of Labor Code §§ 201, 202 and 203, which
provides that an employee's wages will continue as a penalty for up to thirty (30) days from

W:\Romano, Ruben\Class Action\Pleadings\CA Complaint d2.wpd

1  the time the wages were due.  Therefore, PLAINTIFFS are each entitled to penalties,

2  attorneys' fees, expenses and costs incurred in this action.

## SEVENTH CAUSE OF ACTION
**Unlawful Collection or Receipt of Wages Previously Paid and Failure to Indemnify
For Expenditures in Discharge of Duties
(California Labor Code §§ 221 and 2802)**

7       46.       PLAINTIFFS incorporate herein by specific reference as though fully

8  set forth the allegations in paragraph 1 through 45 inclusive.

9       47.       Pursuant to California Labor Code § 221 and Industrial Welfare

10  Commission Wage Order 7-2001, DEFENDANTS are prohibited from collecting or

11  receiving wages previously paid, and are required to provide uniforms and equipment to

12  their employees free of charge.  DEFENDANTS are also required, pursuant to California

13  Labor Code § 2802, to indemnify their employees for expenses incurred in the discharge of

14  their duties.

15       48.       PLAINTIFFS were non-exempt employees entitled to the protections

16  of California Labor Code §§ 221 and 2802, and Wage Order 7-2001.  During the course of

17  PLAINTIFFS' employment, DEFENDANTS, pursuant to their policies and procedures,

18  charged their employees for uniforms and equipment.

19       49.       DEFENDANTS also charged numerous other persons who are

20  similarly situated to the NAMED PLAINTIFFS for uniforms and equipment.

21       50.       In violation of state law, DEFENDANTS have knowingly and

22  wilfully refused to perform their obligations to provide uniforms and equipment free of

23  charge, and have instead charged their employees for uniforms and equipment required in

24  the discharge of their duties.  As a direct result, PLAINTIFFS have suffered, and continue

25  to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on

26  such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully

27  perform their obligations under state law, all to their respective damages in amounts

28  according to proof at time of trial, and within the jurisdiction of this Court.

-12-
**COMPLAINT**

W:\Romano, Ruben\Class Action\Pleadings\CA Complaint d2 wpd

1    DEFENDANTS committed the acts alleged herein knowingly and wilfully, with the

2    wrongful and deliberate intention of injuring PLAINTIFFS, from improper motives

3    amounting to malice, and in conscious disregard of PLAINTIFFS' rights.  PLAINTIFFS

4     are thus entitled to recover the unpaid balance of compensation due, wages owed, interest,

5    statutory penalties, nominal, actual, compensatory, attorneys' fees, and costs of suit in

6    amounts according to proof at time of trial, and within the jurisdiction of this Court.

7                       **EIGHT CAUSE OF ACTION**

8                       **Unfair Business Practices**
                        **(Against all Defendants)**
9

10              51.    PLAINTIFFS incorporate herein by specific reference as though fully

11   set forth the allegations in paragraphs 1 through 50.

12              52.    By violating the foregoing statutes and regulations, DEFENDANTS'

13   acts constitute unfair and unlawful business practices under Business and Professions Code

14   §§ 17200, *et seq.*

15              53.    DEFENDANTS' violations of California wage and hour laws

16   constitutes a business practice because it was done repeatedly over a significant period of

17   time, and in a systematic manner to the detriment of PLAINTIFFS.

18              54.    For the four (4) years preceding the filing of this action, PLAINTIFFS

19   have suffered damages and request damages and/or restitution of all monies to be disgorged

20   from DEFENDANTS in an amount according to proof at time of trial, but in excess of the

21   jurisdiction of this Court.

22                      **NINTH CAUSE OF ACTION**

23                      **Failure to Pay Premium for Split Shifts**
                        **(All Defendants)**
24

25              55.    PLAINTIFFS incorporate herein by specific reference as though fully

26   set forth the allegations in paragraphs 1 through 54.

27   ///

28   ///

-13-
**COMPLAINT**

1   56.   DEFENDANTS failed to pay premium pay, at the minimum wage, to

2   employees that were made to work split shifts.  PLAINTIFFS and Class Members were

3   made to work split shifts and comply with a set work schedule which was interrupted by a

4   non-paid non-working period, other than bona fide rest or meal periods.

5   57   Pursuant to California Labor Code § 226.7 and IWC Order 9-

6   2001(4)(C), PLAINTIFFS are entitled to collect one hour's pay at the minimum wage in

7   addition to the minimum wage for that workday, when being made to work a split shift.

8   ### TENTH CAUSE OF ACTION

9   ### Failure to Pay Reporting Time Wages
    ### (All Defendants)

10

11   58.   PLAINTIFFS incorporate herein by specific reference as though fully

12   set forth the allegations in paragraphs 1 through 57.

13   59.   DEFENDANTS failed to pay reporting time wages, under California

14   Labor Code §§ 1194(a), 1194.2, and 1197, as PLAINTIFFS and Class Members were

15   forced to comply with a work schedule that required them to report to work for shifts of

16   less than two hours on certain workdays that were established by DEFENDANTS under an

17   hourly quota system.

18   60.   Wherefore, PLAINTIFFS and the class are entitled to recover the

19   unpaid reporting time wages plus interest, liquidated damages, in an amount equal to the

20   wages unlawfully unpaid, interest thereon, reasonable attorney's fees, and costs of suit

21   pursuant to California Labor Code § 1194(a).

22   ### ELEVENTH CAUSE OF ACTION

23   ### Representative Action for Civil Penalties
    ### (Cal. Lab. Code Sections 2698-2699.5)
24   ### (Against all Defendants)

25   61.   PLAINTIFFS incorporate herein by specific reference as though fully

26   set forth the allegations in paragraphs 1 through 60 with exception to the allegations

27   concerning class action designation, paragraph 18(A-D).

28   ///

**COMPLAINT**

1    62.   This action is appropriately suited for a Representative Action
2    because:

3          A.   The individuals Plaintiff sees to represent are a significant
4    number.  Joinder of all current and former employees individually would be impractical.

5          B.   This action involves common questions of law and fact to the
6    potential representative group because the action focuses on the DEFENDANTS'
7    systematic course of illegal payroll practices and policies, which was applied to all hourly
8    employees in violation of the California Labor Code, and the California Business and
9    Professions Code which prohibits unfair business practices arising from such violations.

10          C.   The claims of the NAMED PLAINTIFF are typical of the
11   representative group because DEFENDANTS subjected all of their hourly employees to the
12   identical violations of the California Labor Code and California Business and Professions
13   Code.

14          D.   The NAMED PLAINTIFF is able to fairly and adequately
15   protect the interests of all members of the representative group because it is in his best
16   interest to prosecute the claims alleged herein to collect civil penalties due to him arising
17   from DEFENDANTS' illegal wage and hour violations.

18          63.   Pursuant to California Labor Code sections 2698-2699.5,
19   PLAINTIFFS are entitled to collect civil penalties from DEFENDANTS in a representative
20   action for the California Labor Code violations set forth above.  PLAINTIFFS therefore
21   seek to collect civil penalties on behalf of the State of California for DEFENDANTS'
22   violations of California Labor Code, including, but not limited to, sections 201, 202, 203,
23   221, 226, 226.7, 227.3, 512, 558, 1174, 1194, 1197, 1197.1 and 2802, which include, but
24   are not limited to, penalties under Labor Code sections 2699, 210, 225.5, 226.3, 558,
25   1174.5 and 1197.1.

26          64.   PLAINTIFFS have given written notice by certified mail to the Labor
27   and Workforce Development Agency and DEFENDANTS of the specific Labor Code
28   provisions alleged to have been violated, including the facts and theories to support the

1   alleged violations, and the Labor and Workforce Development Agency notified

2   PLAINTIFFS by certified mail that it does not intend to investigate the alleged violations.

3          65.     PLAINTIFFS have complied with the requirements set forth in

4   California Labor Code section 2699.3.

5          Wherefore, PLAINTIFFS pray for relief as follows:

6          1.     For nominal damages;

7          2.     For compensatory damages;

8          3.     For restitution of all monies due to PLAINTIFFS; and disgorged

9                 profits from the unlawful business practices of DEFENDANTS;

10         4.     For all applicable penalties under the California Labor Code and IWC

11                Orders and for violations alleged herein;

12         5.     For liquidated damages pursuant to Labor Code § 1194.2;

13         6.     For civil penalties according to proof;

14         7.     For interest accrued to date;

15         8.     For costs of suit and expenses;

16         9.     For reasonable attorney's fees;

17         10.    For injunctive relief;

18         11.    For declaratory relief;

19         12.    For all such other and further relief that the Court may deem just and

20                proper.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT

1    DATED: September 30, 2010

2                                                        Respectfully submitted,

3                                                        RASTEGAR & MATERN

4                                             By:

5                                                        Matthew J. Matern
                                                         Attorney for Plaintiff
6                                                        Ruben Romano, individually,
                                                         and on behalf of other similarly
7                                                        situated current and former
                                                         employees of Servisair LLC;
8                                                        Servisair & Shell Fuel Services,
                                                         LLC; Servisair USA, Inc.;
9                                                        Globeground North America;
                                                         Penauille Servisair.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W:\Romano, Ruben\Class Action\Pleadings\CA Complaint d2.wpd

Exhibit A Page 37

1

### DEMAND FOR JURY TRIAL

2           Plaintiffs hereby demand a jury trial with respect to all issues triable of right

by jury.

3

4  DATED: September 30, 2010                          Respectfully submitted,

5                                                     RASTEGAR & MATERN

6                                            By:

7                                                     Attorney for Plaintiff
                                                      Ruben Romano, individually,
8                                                     and on behalf of other similarly
                                                      situated current and former
9                                                     employees of Servisair LLC;
                                                      Servisair & Shell Fuel Services,
10                                                    LLC; Servisair USA, Inc.;
                                                      Globeground North America;
11                                                    Penauille Servisair..

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-18-
**COMPLAINT**

W:\Romano, Ruben\Class Action\Pleadings\CA Complaint d2.wpd

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number _____

BC446828

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)).  There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanisn | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | ~~Hon. Jane L. Johnson~~  TBA | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Emilie H. Elias*** | **324** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

**\*Class Actions**
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk
By _____, Deputy Clerk

NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May Not Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

Exhibit A Page 41

# LOS ANGELES SUPERIOR COURT ADR PROGRAMS

<u>CIVIL:</u>

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

<u>FAMILY LAW (non-custody):</u>

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

<u>PROBATE:</u>

- **Mediation**
- **Settlement Conference**

## NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| Party Select Panel | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
|---|---|
| Random Select Panel | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select Panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| Private Neutral | The market rate for private neutrals can range from $300-$1,000 per hour. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | 626-356-5685 | (626)568-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office